SULLIVAN, Senior Judge
(concurring in the result):
I agree that Mil.R.Evid. 106 is not at issue in this case. See United States v. Rodriguez, *431 56 MJ 336, 343 (2002) (Sullivan, S. J., concurring in part and in the result); United States v. Goldwire, 55 MJ 139, 147 (2001) (Sullivan, J., concurring in the result). It applies only when a writing or recorded statement is introduced at trial. See United States v. Ramirez-Perez, 166 F.3d 1106, 1112-13 (11th Cir.1999). The Government in this case only evidenced appellant’s oral admission and confessions to police officers and, accordingly, Mil.R.Evid. 304(h)(2) is the pertinent evidentiary rule.
Mil.R.Evid. 304(h)(2) states:
(2) Completeness. If only part of an alleged admission or confession is introduced against the accused, the defense, by cross-examination or otherwise, may introduce the remaining portions of the statement.
Here, appellant seeks the admission of his written statement completed and signed some three hours after his earlier oral confessions to police. (R. 112, 122) Whether this written statement, with its exculpatory assertion of an innocent intent, was a “remaining portion” of his earlier oral statements was a question for the trial judge’s discretion. Appellant’s written statement, unlike his earlier oral admissions and confessions, was prepared entirely by himself. In addition, the separation in time between these statements, and the difference in form, suggest to me that the military judge did not abuse his discretion in holding these were separate statements. See United States v. Rodriguez, supra.
However, I concur with the majority that, even if error occurred, exclusion of the statement was harmless. See Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a). The excluded written statement asserted that appellant did not intend to harm his stepson, the alleged victim in this case. This same statement, however, was later evidenced at this court-martial under another evidentiary rule. Moreover, the members found appellant guilty of an assault with a dangerous weapon and acquitted him of the greater offense of intentionally inflicting grievous bodily harm on the young boy. Therefore, I conclude that the military judge’s ruling did not materially prejudice appellant.